UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14026-CR-GRAHAM/MAYNARD

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**TONY JAY SAUNDERS,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S ADMISSION TO VIOLATION NUMBER 2**

**THIS CAUSE** came before me on March 7, 2023.  Having conducted a hearing, I recommend as follows:

    1.    A Petition for Warrant or Summons for Offender Under Supervision (the "Petition") was filed in this case on September 24, 2021.  DE 172.

    2.    The Defendant appeared before me for a hearing on March 7, 2023. At the hearing, the Defendant admitted Violation Number 2 as set forth in the Petition.  The Government agreed to dismiss Violation Number 1 at sentencing.

    3.    The possible maximum penalties faced by the Defendant were read into the record by the Government.  The Defendant stated that he understood those penalties.

    4.    I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing.  The Defendant acknowledged that he understood his rights in that regard and further understood that if his admission to Violation Number 2 is accepted, all that will

remain will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

5. The Government proffered a factual basis for the Defendant's admission. Specifically, the Government indicated that on or about August 26, 2021, a Port St. Lucie Police Department officer was dispatched to an address in Port St. Lucie, Florida in reference to a report of domestic violence. When he arrived, he interviewed the victims. C.H. explained that she heard arguing in her daughter's room, and when she entered the room, she saw the Defendant lunge at her daughter and grab her by the throat, forcing her to the ground. C.H. tried to break up the fight, but the Defendant pushed her to the ground. C.H. told the Defendant she was going to call the police. The Defendant responded that if she called the police he would kill her. C.H. then left the room to grab a firearm, returned and pointed it at the Defendant telling him to get out of the house. Law enforcement also spoke with C.H.'s daughter, S.S. S.S. stated that the Defendant came into her room, became upset, argued with her, and then lunged at her, grabbing her throat and forcing her to the ground. Her mother entered and tried to break up the fight and the Defendant fled the scene. S.S. was transported to Tradition Medical Center to address injuries on her hand, finger, leg, and upper torso.

6. The Defendant agreed that the facts proffered by the Government are true and the Government could prove those facts if a hearing were held in this matter. Having heard the proffer, I find that it establishes a sufficient factual basis to support the Defendant's admission to Violation Number 2.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his

supervised release as set forth in Violation Number 2 of the Petition, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>7th</u> day of March, 2023.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE